NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA THERESE RICKS, Individually and as Guardian Ad Litem for her minor son, M.R., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> STATE OF HAWAII DEPARTMENT OF EDUCATION and KATHRYN MATAYOSHI, in her official capacity as Superintendent of the State of Hawaii Department Of Education, <br><br> Defendants-Appellees. | No.   17-17038 <br><br> D.C. No. 1:16-cv-00044-HG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted February 11, 2019**
Honolulu, Hawaii

Before:    TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Maria Ricks, mother of student M.R., appeals the district court's judgment in

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

favor of the defendants after a four-day jury trial. She sued the State of Hawaii Department of Education ("DOE") and various officials including her son's preschool teacher under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Hawaii state law. Ms. Ricks challenged the decision to occasionally seat M.R. in a specialized, belted chair ("Rifton chair") in the classroom. Ms. Ricks also appeals the district court's order on partial summary judgment and challenges certain of the district court's rulings on evidence and the jury instructions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying Ms. Ricks partial summary judgment on her Section 504 claim. The undisputed fact that use of the Rifton chair was not documented in M.R.'s Individualized Education Program ("IEP") or Behavioral Plan, standing alone, is insufficient to render the DOE liable as a matter of law under Section 504 for violating 34 C.F.R. § 104.33(b). *See Mark H. v. Lemahieu*, 513 F.3d 922, 933 (9th Cir. 2008). Implementing an IEP developed in accordance with the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1491 ("IDEA"), is only one means of ensuring compliance with 34 C.F.R. § 104.33(b)(1)(i)'s requirement that educational aids and services are "designed to meet individual educational needs." *See* 34 C.F.R. § 104.33(b)(2). Therefore, it does not follow that the use of a Rifton chair, above and beyond the aids and services listed in the IEP, necessarily violates Section 504's regulations requiring

2

provision of a free and appropriate public education ("FAPE"). Disputed issues of material fact regarding use of the chair properly precluded summary judgment in favor of Ms. Ricks and required the trial. *See A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1202 (9th Cir. 2016).

The district court also did not err in dismissing Ms. Ricks' state law assault and battery and negligent infliction of emotional distress claims at the summary judgment stage. Under Hawaii law, state employees acting in the performance of their duties enjoy a "qualified or conditional privilege." *Towse v. State*, 647 P.2d 696, 702 (Haw. 1982). The privilege protects them from individual liability for tortious acts unless the injured party demonstrates by clear and convincing proof that the employee was motivated by malice and not by an otherwise proper purpose. *See id.*; *see also Medeiros v. Kondo*, 522 P.2d 1269, 1272 (Haw. 1974). Viewed in the light most favorable to her, *see A.G. v. Paradise Valley*, 815 F.3d at 1202, the evidence Ms. Ricks offered was insufficient as a matter of law to demonstrate the level of malice required to overcome the qualified privilege defense.

We conclude the district court did not err in formulating the final instructions to the jury. The court drew a careful distinction between a claim for denial of a FAPE under the IDEA—which could not be adjudicated in this case because it was unexhausted, *see Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754–

55 (2017)—and a claim of discrimination based on the denial of meaningful access to public education under Section 504. The district court properly instructed the jury to consider M.R.'s IEPs and the evidence regarding the IDEA only as relevant to the question of intent under Section 504. *See Mark H.*, 513 F.3d at 938 (plaintiffs must show a mens rea of intentional discrimination to prevail on a claim for monetary damages under Section 504). Considering this limitation, there was no abuse of discretion in excluding the portion of M.R.'s expert testimony regarding whether use of a Rifton chair was required to be included in the IEP. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1057 (9th Cir. 2008) (the district court's decision to exclude expert testimony is reviewed for an abuse of discretion).

**AFFIRMED.**